OPINION
Appellant, Jason W. Zwiebel, appeals a judgment of the Court of Common Pleas of Allen County, granting Appellee, Faith Fryman's motion for prejudgment interest on the jury verdict rendered in a negligence action. For the reasons expressed in the following opinion, we affirm the judgment of the trial court.
On October 15, 1995, Appellant and Appellee were involved in an automobile accident, in which Appellee sustained multiple injuries. After the accident, the parties made numerous attempts to settle the case out of court; however, they were unsuccessful in their endeavors. As a result, on June 21, 1999, the matter went to trial before a jury.
Prior to trial Appellant stipulated to liability and the trial proceeded solely on the issue of damages. Upon trial, the jury returned a verdict in favor of Appellee in the amount of $42,000. Thereafter, On June 25, 1999, Appellee moved the trial court for prejudgment interest on the amount awarded, arguing that Appellant's insurer failed to settle the matter in good faith. Subsequently, on July 29, 1999, the trial court held a hearing on the matter. On August 5, 1999, after hearing arguments from both parties, the trial court granted Appellee's motion for prejudgment interest on the $42,000 judgment. The interest encompassed a period from October 16, 1995 to June 22, 1999 at a rate of 10%, for a total of $15,469.
Appellant now appeals the judgment of the trial court, asserting one assignment of error for our review:
 The trial court abused its discretion in its August 5, 1999 order awarding Plaintiff's prejudgment interest.
In reviewing a trial court's decision regarding prejudgment interest, the standard of review on appeal is abuse of discretion.Moskovitz v. Mt. Sinai Medical Center (1994), 69 Ohio St.3d 638. An abuse of discretion has been characterized as a decision that is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1993), 5 Ohio St.3d 217. Under the abuse of discretion standard, the trial court is given much deference because it is better situated to evaluate the demeanor and credibility of witnesses, and the "surrounding circumstances and atmosphere of the trial." Rohde v. Farmer (1970), 23 Ohio St.2d 82, 94.
The authority of the trial court to award prejudgment interest is set forth in R.C. § 1343.03(C)(1), which states:
 * * * [I]nterest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties shall be computed from the date the plaintiff gave the defendant written notice in person or by certified mail that the cause of action accrued until the date that the judgment, decree, or order for the payment of money is rendered or from the date the plaintiff filed a complaint to commence the civil action until the date that the judgment, decree, or order for the payment of the money is rendered, whichever time period is longer, if, upon motion of any party to the civil action, the court determines at a hearing held subsequent to the verdict or decision in the civil action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.
The Ohio Supreme Court has set forth a four-prong test in determining whether a party has acted in good faith during settlement negotiations.
 A party has not `failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer.
Moskovitz, 69 Ohio St.3d at 658-59, citing Kalain v. Smith (1986),25 Ohio St.3d 157, at the syllabus. The Court also stated that the burden of proof is on the party seeking prejudgment interest.Moskovitz, 69 Ohio St.3d at 659. While the burden of proving a lack of good faith herein was upon the Appellee, Moskovitz clearly provides that the establishment of a lack of good faith does not require that Appellee need demonstrate bad faith of the other party. Id.
After conducting a hearing on the motion for prejudgment interest, the trial court held that Appellant's insurer failed to act in good faith during settlement negotiations pursuant to the fourth prong of the test. Appellant's argument is that the trial court abused its discretion in reaching the decision. Initially, we note that Appellant did not submit the entire record with his appeal. Specifically, Appellant did not provide this court with the trial transcript. The duty to provide a transcript for appellate review is borne by the appellant, because the appellant has the burden of establishing error in the trial court. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; App.R. 9(B). When portions of the transcript, which are necessary to resolve assignments of error, are missing from the record, the reviewing court has "no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp, 61 Ohio St.2d at 199.
In the order of prejudgment interest, the trial court based its decision to award prejudgment interest on both the portion of the record submitted for our review, and the trial transcript that was omitted. Because Appellant failed to submit the trial transcript, we are not able to review it for error. Therefore, pursuant to Knapp, we must accept the validity of the trial court's decision as it relates to matters that would be demonstrated by the trial transcript, and affirm accordingly.
We now turn our attention to the portion of the record submitted for our review, which includes transcripts of the motion hearing, the jury instructions, and Appellant's closing argument, as well as several depositions, and the activity logs of Appellant's insurer. Based on this portion of the record, after evaluating the risk and potential liability attributable to Appellant's insurer, the trial court concluded, that Appellant's insurer "did not make a good faith monetary settlement nor did it respond in good faith to an offer from the plaintiff." The trial court also noted that Appellee's willingness to settle for substantially less than her original demand constituted "substantial movement." The record before us also reflects that Appellant failed to make an offer exceeding $12,500 when it had authority to settle for $16,000.
Because the issue of whether a party is entitled to prejudgment interest involves a determination of the factual issues of a case, the trial court's determination of the factual issues should not be reversed if they are supported by some competent, credible evidence. Edgerson v. Cleveland Elec. Illum.Co. (1985), 28 Ohio App.3d 24, 25-26.
Based upon a review of the facts before us, relevant to a determination of whether prejudgment interest in this case should have been awarded to Appellee, we find no abuse of discretion by the trial court in determining that Appellant did not make a "good faith effort" to settle the case prior to trial. The trial court was in the best position to view all the evidence before it. The trial court properly examined the evidence, and the record that is before us supports its decision. The trial court's decision, therefore, was not unreasonable, arbitrary or unconscionable.
Accordingly, Appellant's sole assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
HADLEY, P.J., and BRYANT, J., concur.